**Dated: December 16, 2019**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

SHERETTA WHITE-FOLKS,             Case No. 19-81279-TRC
                                                               Chapter 7

              Debtor.

ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY

Before the court is Debtor's Motion to Extend Automatic Stay pursuant to 11 U.S.C. § 362(c)(4)(B) (Docket Entry 12). The court held a hearing on this motion on December 11, 2019. Debtor's counsel, Walter M. Benjamin, appeared, but Debtor did not. The Standing Chapter 13 Trustee William Mark Bonney appeared to contest the motion. No testimony or other evidence was presented by Debtor. After reviewing the motion, the case file in this case and Debtor's previous chapter 13 case, the court finds that Debtor's Motion must be denied.

Debtor had two previous bankruptcy cases. The case immediately preceding this one, Case No.19-80565, was a chapter 13 case filed on May 22, 2019. The plan she proposed included a $347 plan payment, with approximately $300 of that to be paid to Car Mart for a 2007

Chrysler Aspen. The remainder of her payment was to pay approximately 2 percent to unsecured creditors. Another car finance company, Exeter Finance LLC, filed a proof of claim for $19,928.60 secured by a 2018 Hyundai, and identified Debtor as a co-buyer. Debtor's plan payment did not include a payment on that claim. Instead, her plan provided that her non-debtor spouse would make the payment on that debt. Her plan was set for confirmation when Debtor moved to dismiss her case on October 31, 2019. This court entered an order of dismissal on November 1, 2019. On November 5, 2019, Debtor filed this chapter 7 case. She filed this motion on December 3, 2019.

Where a debtor had a previous case pending that was dismissed during the twelve months prior to the filing of the current case, the automatic stay is limited to thirty days from the petition date of the new case. 11 U.S.C. §362(c)(3)(A).[1] The stay can be extended beyond thirty days by motion but only if the party seeking the extension can demonstrate that the filing of the new case is in good faith as to the creditors to be stayed. 11 U.S.C. §362(c)(3)(B). By statute, debtors seeking an extension of the stay beyond thirty days as to all creditors are presumed to have not filed the case in good faith if any of the circumstances exist as identified in 11 U.S.C. §362(c)(3)(C)(i). Circumstances giving rise to the presumption in this case are that there has not been a substantial change in the financial or personal affairs of the Debtor since dismissal of the previous case. 11 U.S.C. §362(c)(3)(C)(i)(III).[2] To prevail on her Motion, the Debtor must rebut the presumption by clear and convincing evidence. Debtor did not appear at the hearing

---

[1] Debtor cited § 362(c)(4)(B) as the applicable statute here. That statute applies when a debtor has had two or more cases pending within the previous year. Although she has had two previous bankruptcy cases, only one was pending during the previous year.

[2] The Chapter 13 Trustee argued that there has been no change in circumstances since dismissal of the previous case.

nor did her counsel present any evidence in support of her motion. Counsel stated that she decided to file her new case just days after dismissal of the previous case due to a large amount of unsecured debt, and he expressed concern that without an extension of the automatic stay, Debtor's paycheck may be garnished by a creditor. He provided no details regarding a potential garnishment.

The court has considered the totality of circumstances surrounding the Debtor and finds that she did not rebut the presumption that her case was not filed in good faith by clear and convincing evidence. *See In re Rodriguez,* 487 B.R. 275 (Bankr. N.M. 2013); *In re Montoya*, 333 B.R 449, 457-58 (Bankr. Utah 2005) citing *In re Gier*, 986 F.2d 1326 (10th Cir. 1993). Although there may be some change in circumstances, such as an increase in unsecured debt, Debtor has not articulated a substantial change in her financial or personal affairs. Her Motion cites the change in circumstances as (a) a vehicle had mechanical problems and she needs a vehicle for her employment and (b) for family harmony. She provided no further explanation of these reasons.

The dismissal of her previous case was entered November 1, 2019, and she filed this case just four days later. This is a very short period of time in which her circumstances could substantially change. From an examination of her schedules, her income and expenses are virtually identical, as are her debts. Debtor lists the 2007 Chrysler Aspen as being repossessed by Car Mart on the day she filed this case. She no longer lists that vehicle as an asset nor a secured claim as she did in her previous case. In her current case, she lists two unsecured debts to Car Mart of identical amounts, $11,800.97, presumably a deficiency claim. It appears that she may have listed the deficiency claim of the repossessed vehicle twice. These two unsecured debts owed to Car Mart account for the majority of the increase in unsecured debt from the

chapter 13 case to her current case. Part 4, question 9 of her Statement of Financial Affairs does not identify any legal actions pending during the previous year. Likewise, she listed no legal actions in her previous chapter 13 case. She has not identified any judgment creditors who may pursue garnishment against her. The only circumstance that seems to have changed is that the vehicle Debtor tried to save in her chapter 13 case has now been repossessed, and there is a deficiency claim as to that vehicle. As for the 2018 Hyundai, she listed her non-debtor spouse as the owner and claimed no ownership interest for herself in her previous case. In her new case, she claims an ownership interest in that vehicle, claims it as exempt property, but does not list a co-debtor. It appears that she wants the protection of the automatic stay for that vehicle. But with no other information as to how her finances or personal affairs have substantially changed, the court finds that she has failed to provide sufficient evidence justifying an extension of the automatic stay.

IT IS THEREFORE ORDERED that Debtor's Motion to Extend the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3) (Docket Entry 12) is hereby **denied.**

###